Kristen Burge (*Pro Hac Vice Forthcoming*)
Greg Latham (*Pro Hac Vice Forthcoming*)
**Intellectual Property Consulting, LLC**
400 Poydras Street, Suite 1400
New Orleans, LA 70130
Telephone (504) 322-7166
kburge@iplawconsulting.com
glatham@iplawconsulting.com

Adam B. Beckstrom (14127)
**DENTONS DURHAM JONES PINEGAR P.C.**
111 South Main Street, Suite 2400
PO Box 4050
Salt Lake City, UT  84110-4050
Telephone:  (801) 415-3000
adam.beckstrom@dentons.com

*Attorneys for Plaintiff Walters Plastic Surgery*
 *d/b/a The Modern Plastic Surgery and Medspa*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WALTERS PLASTIC SURGERY LLC d/b/a THE MODERN PLASTIC SURGERY AND MEDSPA, a Louisiana limited liability company,<br><br>               Plaintiff,<br>   v.<br><br>GARLICK PLASTIC SURGERY PLLC d/b/a/ MODERN CONTOUR PLASTIC SURGERY, a Utah professional limited liability company<br><br>               Defendant. | **COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK REGISTRATION CANCELLATION, AND UNFAIR AND DECEPTIVE TRADE PRACTICES**<br><br>Case No.   2:25-cv-00731<br><br>Judge _____ |

1

_8146282.1

Plaintiff Walters Plastic Surgery LLC d/b/a The Modern Plastic Surgery and Medspa ("Plaintiff"), hereby alleges the following for its causes of action against Defendant Garlick Plastic Surgery PLLC d/b/a/ Modern Contour Plastic Surgery ("Defendant"):

## PARTIES

1. Plaintiff is a limited liability company organized under the laws of the State of Louisiana, having an office and place of business at 3100 Galleria Drive, Suite 205, Metairie, LA 70001.

2. Defendant is a Utah professional limited liability company, having an office and place of business at 11762 South State St., Suite 345, Draper, Utah 84020.

## JURISDICTION

3. This is an action for trademark infringement and unfair competition in violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)). This action also includes claims under Utah law for deceptive and unfair trade practices.

4. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because it involves substantial claims arising under the federal Lanham Act.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendant. Defendant was formed, and registered to do business, in Utah. Additionally, Defendant's acts of infringement were committed in this district, within the jurisdiction of this Court. Defendant has advertised its goods and services

under the infringing mark in this state and has transacted business by selling its services to consumers within this district under the infringing mark.

## VENUE

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the Defendant may be found or transacts business in this district and a substantial part of the events giving rise to the Plaintiff's claims occurred and are continuing to occur in this district.

## FACTUAL ALLEGATIONS

8. Since at least as early as January 01, 2021, Plaintiff has been offering plastic surgery and related medical and cosmetic services under the trademark THE MODERN PLASTIC SURGERY & MEDSPA in Metairie, Louisiana.

9. Plaintiff owns the federally registered "THE MODERN PLASTIC SURGERY & MEDSPA" trademark (the "Registered Mark"), which is embodied in U.S. Trademark Registration No. 7089619, and which was issued on June 27, 2023. A true copy of this registration is attached as Exhibit "A".

10. Plaintiff also utilizes its federally registered "MODERNIZING BEAUTY" trademark (the "Second Registered Mark") in connection with its services, which is embodied in U.S. Trademark Registration No. 6922502, and was issued on December 13, 2022. A true copy of this registration is attached as Exhibit "B." (the Registered Mark and Second Registered Mark are collectively referred to herein as "Registered Marks").

11. Plaintiff first used its Second Registered Mark in commerce on January 1, 2021, in connection with its plastic surgery and related medical and cosmetic services.

12. Plaintiff has invested substantial time, effort, and financial resources in the

Registered Marks in connection with its services, which Plaintiff provides in interstate commerce. Plaintiff has expended extensive resources and money in marketing its medical and cosmetic surgery services provided under the Registered Marks to develop consumer recognition.

13. Plaintiff has garnered significant consumer recognition for its award-winning medical and cosmetic surgery services. Plaintiff's clients from around the country come to its medical facility near New Orleans, LA to receive their treatments. More information about Plaintiff can be found at: https://www.themodernplasticsurgery.com/.

14. The Registered Marks have become, through widespread recognition, assets of substantial value as symbols of Plaintiff, its quality products, and its goodwill. The relevant consuming public recognizes the Registered Marks and associates them with Plaintiff.

15. The goodwill in the Registered Marks is extremely important to Plaintiff. It is equally important that Plaintiff not permit the use of any mark by another in such a way as to permit a likelihood of confusion as to origin, sponsorship, approval, or affiliation with Plaintiff.

16. Defendant is a competitor of Plaintiff. Defendant is providing services identical to Plaintiff's services through the same channels of trade as Plaintiff, targeting the same types of consumers as Plaintiff.

17. Dr. Jared Garlick ("Dr. Garlick") has filed a trademark application U.S. Serial no. 99119692 for the "MODERN CONTOUR PLASTIC SURGERY" mark for "Cosmetic and plastic surgery; Plastic surgery services" on an intent to use in commerce basis (the "Infringing Mark"). A true copy of this application is attached as Exhibit "C".

18. Dr. Jared Garlick ("Dr. Garlick") also owns the federally registered "THE MODERN BEAUTY EXPERIENCE" trademark (the "Second Infringing Mark"), which is

embodied in U.S. Trademark Registration No. 7089619, and which issued on July 30, 2024. A true copy of this registration is attached as Exhibit "D." (the Infringing Mark and Second Infringing Mark are collectively referred to herein as "Infringing Marks").

19.     Upon information and belief, Dr. Garlick first used the Second Infringing Mark in commerce in connection with his cosmetic and plastic surgery services on or about July 1, 2021, which was after Plaintiff first used its Registered Marks.

20.     Upon information and belief, Defendant is in the process of launching a website displaying the Infringing Marks, https://moderncontourplasticsurgery.com/.

21.     On May 2, 2025, through counsel, Plaintiff contacted Defendant, through counsel, and demanded that Defendant cease using the Infringing Marks. A true copy of this cease and desist letter is attached as Exhibit "E."

22.     On May 22, 2025, July 9, 2025, and August 15, 2025, Defendant, through counsel, indicated that it had no intention of complying with Plaintiff's demand to cease using the Infringing Marks.

23.     Defendant's use of the Infringing Marks for services identical to Plaintiff's services is likely to mislead the public into concluding that its services originate with, or are authorized by, Plaintiff, which will damage both Plaintiff and the public.

24.     Plaintiff has no control over the quality of services provided by Defendant. Plaintiff has lost control over its valuable goodwill because of the source confusion Defendant is causing.

25.     Upon information and belief, Defendant has advertised and offered its services using the Infringing Marks with the intention of misleading, deceiving, or confusing consumers as to the origin of its goods and services and of trading on Plaintiff's reputation and goodwill.

5

_8146282.1

Defendant's use of both the Infringing Marks constitutes willful, deliberate, and intentional trademark infringement.

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT UNDER SECTION 32(1) OF THE LANHAM ACT, 15 U.S.C. § 1114(1)

26. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 25, as though fully set forth below.

27. This Count, arising under Section 32(1) of The Lanham Act, 15 U.S.C. § 1114(1), is for federal trademark infringement.

28. Defendant's acts constitute infringement of Plaintiff's Registered Marks in violation of the Lanham Act, 15 U.S.C. §1114(1), and has caused and is likely to continue to cause consumer confusion, mistake, or deception.

29. Defendant's acts have been deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of Plaintiff's rights in the Registered Marks, and with intent to cause confusion and to trade on Plaintiff's vast goodwill associated with the Registered Marks in the plastic and cosmetic surgery sector. In view of the egregious nature of Defendant's infringement, this is an exceptional case within the meaning of 15 U.S.C. §1117(a).

30. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered, and will continue to suffer loss of income, profits, reputation and goodwill, and Defendant has acquired, and will continue to unfairly acquire, income, profits, and goodwill to which it is not entitled.

31. As a direct and proximate result of Defendant's trademark infringement, Plaintiff has suffered, and will continue to suffer, irreparable loss of income, profits and goodwill, and Defendant has, and will continue to, unfairly acquire income, profits, and goodwill.

32. Defendant's infringement of the Registered Marks has caused great damage to Plaintiff. Plaintiff is entitled to damages adequate to compensate it for the infringement, and to have such damages trebled, under 15 U.S.C. § 1117(a) and (b). Plaintiff is also entitled to recover costs under 15 U.S.C. § 1117(a) and prejudgment interest under 15 U.S.C. § 1117(b). This is an exceptional case, and Plaintiff should further be awarded its attorneys' fees and costs under 15 U.S.C. § 1117(a).

33. As a result of Defendant's infringement of Plaintiff's trademark rights, Plaintiff has suffered and continues to suffer irreparable harm due to the confusion, mistake, and/or deception that will be generated among the trade and the public and the resulting impairment of the value of its trademark rights, continuing loss of sales to its existing and potential clients, continuing loss of the goodwill of its clients, and violation of its trademark rights, all of which will continue unless Defendant is preliminarily and permanently enjoined by this Court from infringing Plaintiff's trademarks under 15 U.S.C. § 1116.

## COUNT II

### FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

34. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 33, as though fully set forth below.

35.     This Count, arising under Section 43(a) of The Lanham Act, 15 U.S.C. §1125(a), is for federal unfair competition and false designation of origin.

36.     Plaintiff's use of the Registered Marks has become uniquely associated with Plaintiff and the relevant public associates Plaintiff's services with the Registered Marks.

37.     Plaintiff began marketing and providing its services under the Registered Marks for before Defendant indicated an intent to use the Infringing Marks. The national use, combined with the quality of services, has led the consuming public throughout the United States to associate the Registered Marks with Plaintiff.

38.     Defendant now seeks to appropriate the Registered Marks and trade off the goodwill and success established by Plaintiff.

39.     Defendant's unauthorized use, and threatened continued use, of the Infringing Marks as the names of specific plastic and cosmetic surgery services constitutes use of a false designation of origin and false or misleading representation in interstate commerce, which wrongly and falsely designates, describes, and represents the origin of Defendant's services as originating from or being connected with Plaintiff, and is likely to cause confusion, or to cause mistake, or deceive as to Defendant's affiliation, connection, or association with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's services by Plaintiff in violation of Section 43(a) of The Lanham Act, 15 U.S.C. § 1125(a).

40.     These acts, unless restricted by the Court, will continue to cause serious and irreparable injury to Plaintiff for which Plaintiff has no adequate remedy of law.

41. As a direct and proximate result of Defendant's false designations of origin, and false and misleading representations, Plaintiff has been damaged, and unless Defendant is restrained by this Court, Plaintiff will continue to suffer serious, irreparable injury.

42. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to recover from Defendant the damages sustained as a result of its acts. Plaintiff is unable to ascertain, at present, the full extent of the monetary damages it has suffered thereby.

43. Defendant's conduct was and continues to be intentional, and without foundation in law. Accordingly, Plaintiff is entitled to an award of treble damages against Defendant, under 15 U.S.C. § 1117(a).

44. Pursuant to 15 U.S.C. § 1116(a), Plaintiff is entitled to an order, preliminarily and permanently enjoining Defendant from further acts of unfair competition, false designations of origin, and false and misleading representations.

45. Defendant's aforesaid acts make this an exceptional case, warranting attorney fees and costs, under 15 U.S.C. § 1117(a).

## COUNT III

## UTAH CONSUMER SALES PRACTICES ACT (UCSPA)

46. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 45, as though fully set forth below.

47. This Count, arising under Utah Consumer Sales Practices Act (UCSPA), Utah Code Ann. § 13-11-1 *et seq.*, is for Defendant's deceptive and unfair trade practices.

48. The UCSPA forbids "deceptive act[s] or practice[s] by a supplier in connection with a consumer transaction." Utah Code Ann. § 13-11-4.

49. Defendant's continued use of the Infringing Marks in conjunction with the provision of its services is likely to cause confusion, mistake, or deception amongst consumers, who will believe that Defendant's services originate from, are affiliated with, or are endorsed by Plaintiff when, in fact, they are not.

50. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

## COUNT IV

### DECLARATORY JUDGMENT OF INVALIDITY AND CANCELLATION OF TRADEMARK REGISTRATION

51. Plaintiff realleges the foregoing allegations in paragraphs 1 through 50.

52. Plaintiff's registered mark "MODERNIZING BEAUTY" was used prior to Defendant's registered mark "THE MODERN BEAUTY EXPERIENCE" in connection with Plaintiff's services listed on the registration: medical skin care services; plastic surgery; medical clinic providing surgical and non-surgical aesthetic medical procedures; medical spa services, namely, chemical peel, facial treatment, nonsurgical skin resurfacing treatment, laser skin resurfacing, microneedling, skin analysis, and laser hair removal.

53. The continued registration of "THE MODERN BEAUTY EXPERIENCE" by Defendant is likely to cause confusion, mistake, or deception as to the source or origin of, or affiliation, connection, or association with, Plaintiff's goods and services offered under the "MODERNIZING BEAUTY" mark.

54. Plaintiff will be damaged by the continued registration of "THE MODERN BEAUTY EXPERIENCE" in that the registration gives Defendant a *prima facia* exclusive right to the use of the mark, despite the likelihood of confusion, mistake, or deception as to the source or origin of, or affiliation, connection, or association with, Plaintiff's goods and services offered under the "MODERNIZING BEAUTY" mark.

55. Accordingly, Plaintiff requests that Defendant's U.S. Trademark Registration No. 7089619, issued on July 30, 2024, be cancelled.

## **PRAYER FOR RELIEF**

WHEREFORE, in consideration of the foregoing, Plaintiff respectfully requests that this Court enter an Order granting it the following relief:

A. That the Court enter a preliminary injunction, and grant permanent injunctive relief, against Defendant, its agents, representatives, officers, employees, and all those acting in concert therewith, to restrain and enjoin Defendant's use of the of the Infringing Marks, and any and all other marks and designations which infringe Plaintiff's rights in and to the Registered Marks, or which are confusingly similar thereto, and to restrain and enjoin Defendant's acts of trademark infringement, unfair competition, false designation of origin, and false and misleading representations with respect thereto;

B. That, pursuant to 15 U.S.C. § 1117(a), the Court order Defendant to pay the actual damages suffered by Plaintiff, and any and all profits resulting from Defendant's infringement of the Registered Marks, and from Defendant's acts of unfair competition, false designation of origin, and false and misleading representation with respect thereto;

C. That, pursuant to 15 U.S.C. § 1117(a), the Court order Defendant to pay treble damages to Plaintiff;

D. That, pursuant to 15 U.S.C. § 1117(a), the Court order Defendant to pay to Plaintiff the full costs of this action, including attorney fees;

E. An award of compensatory damages in an amount to be proven at trial;

F. A judgment against Defendants, including an Order declaring that Defendant's mark is invalid and cancelling the mark registration THE MODERN BEAUTY EXPERIENCE, and any such other and further relief as the court may deem proper; and

G. That the Court provide Plaintiff with such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury of all issues triable of right to a jury and raised by the pleadings in this action.

Dated: August 27, 2025 RESPECTFULLY SUBMITTED,

/s/ Adam B. Beckstrom
Adam B. Beckstrom (14127)
**DENTONS DURHAM JONES PINEGAR P.C.**
111 South Main Street, Suite 2400
PO Box 4050
Salt Lake City, UT  84110-4050
Telephone:  (801) 415-3000
adam.beckstrom@dentons.com

Kristen Burge
Greg Latham
**Intellectual Property Consulting, LLC**
400 Poydras Street, Suite 1400
New Orleans, LA 70130
Telephone (504) 322-7166
kburge@iplawconsulting.com
glatham@iplawconsulting.com

*Attorneys for Plaintiff, Walters Plastic Surgery, LLC d/b/a The Modern Plastic Surgery and Medspa*

_8146282.1