IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| WALTERS PLASTIC SURGERY, LLC, a Louisiana limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>GARLIK PLASTIC SURGERY PLLC, a Utah professional limited liability company,<br><br>Defendant. | **RULING & ORDER**<br><br>Case No. 2:25-cv-00731<br><br>United States District Court Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

Currently before the court is Plaintiff Walters Plastic Surgery LLC's ("Walters" or "Plaintiff") Motion to Extend Deadlines to Amend Pleadings and Add Additional Parties (the "Motion").[1] Defendant Garlick Plastic Surgery PPLC ("Garlik" or "Defendant") objects to Plaintiff's request for amendment.[2]

The operative Scheduling Order provides that scheduling deadlines "may not be modified without a court order consistent with Fed. R. Civ. P. 16(b)(4) and DUCivR 83-5."[3] Federal Rule 16(b)(4) allows for modification "only for good cause and with the judge's consent."[4] Examples

---

[1] ECF No. 22. Plaintiff's Motion to Extend Deadline to Amend Pleadings and Add Additional Parties.
[2] ECF No. 23, Opposition to Motion to Extend Deadline to Amend Pleadings and Add Additional Parties.
[3] ECF No, 19, Scheduling Order.
[4] Fed. R. Civ. P. 16(b)(4). *see also, Alder v. All Hours Plumbing Drain Cleaning 24-7-365,* 2022 U.S. Dist. LEXIS 104411, *2 (D. Utah Jun. 9, 2022) ("Under Federal Rule of Civil Procedure 16(b)(4) "the court may extend the deadlines in a scheduling order if the movant is able to demonstrate 'good cause' for that modification.").

1

of good cause include where "the movant learns of new information through discovery or if the underlying law has changed."[5]

Walters argues it requires additional time to receive discovery responses and determine whether it needs to add additional claims and parties. This does not establish good cause for modification of the Scheduling Order. Rather, if upon receipt and review of the discovery Plaintiff determines that new information has been unveiled, it may move for an extension or modification at that time.[6] However, the mere possibility that unreviewed discovery *might* reveal new information constituting good cause without more is not enough to preemptively modify the Scheduling Order.

Walters does not identify any newly discovered information supporting amendment of the Scheduling Order. For this reason, Plaintiff's Motion is premature and DENIED without prejudice.[7]

**IT IS SO ORDERED.**

DATED: March 2, 2026.

BY THE COURT:

_____
Dustin B. Pead
U.S. Magistrate Judge

---

[5] *Gorsuch v. Ltd. B.C. v. Wells Fargo National Bank Association,* 771 F.3d 1230, 1241 (10th Cir. 2014).

[6] *See Gale v. City and County of Denver,* 962 F.3d 189, 1195 (10th Cir. 2020) ("[N]ewly-obtained information, if it was truly unknown and unavailable can constitute good cause to amend a Scheduling Order.") (quotation omitted).

[7] ECF No. 22.